IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNIE JUDAH, Co-Personal Representative for the Estate of LAWRENCE EUGENE JUDAH, Deceased; JENNIFER JUDAH, as Co-Personal Representative for the Estate of LAWRENCE EUGENE JUDAH, Deceased, and in her Individual Capacity and as Next Friend of J.G., the minor child of LAWRENCE EUGENE JUDAH, <br><br>      Plaintiffs, <br><br>v. <br><br>COMANCHE COUNTY FACILITIES AUTHORITY, d/b/a Comanche County Detention Center; BILL HOBBS, in his official capacity as Administrator of the Comanche County Detention Center; DALE CABLE, in his official capacity as Administrator of the Comanche County Detention Center; THE BOARD OF COUNTY COMMISSIONERS FOR OKFUSKEE COUNTY, a political subdivision; and JACK CHOATE, in his official capacity as Warden of the Okfuskee County Detention Center, <br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-14-070-JHP |

**FINDINGS AND RECOMMENDATION**

      This matter comes before this Court on the referral from the presiding judge to conduct a friendly suit on whether the settlement reached in this case and the distribution of the

settlement proceeds are in the best interest of the minor child, Justin Gordon.  Plaintiffs initiated this case against Defendants on February 24, 2014, alleging that the death of Lawrence Eugene Judah ("Decedent") was as a result of the violation of the civil rights or negligence by Defendants while the Decedent was in custody at the Okfuskee County Detention Center and Comanche County Detention Center.

On September 14, 2015, this Court conducted a Settlement Conference with all parties represented by counsel.  At the conclusion of the Conference, a settlement agreement was executed which provided for the payment of $4,000.00 by Defendants to the Decedent's estate in compensation for the lawsuit.  Johnnie Judah ("Judah") was present at the Conference and executed the agreement on behalf of the Decedent's estate as co-personal representative.

Problems apparently arose between Plaintiffs and their counsel which resulted in the failure to complete the documentation necessary to finalize the settlement.  Therefore, Defendants filed a Joint Motion to Enforce Settlement Agreement and Compel Friendly Suit Hearing on November 25, 2015.  By Order entered February 26, 2016, United States District Judge James H. Payne who presides over this case granted the Motion and referred the friendly suit to the undersigned.  To be clear, this Court conducted the hearing on March 23, 2016 with regard to the sole issue of whether the settlement as documented by the parties is in the best interest of

the minor as directed by Judge Payne.

The minor, Justin Gordon, is the 15 year old son of the Decedent and Marian Wetzel. Judah is the Decedent's step mother and, with the Decedent's adult daughter, act as co-representatives of the Decedent's estate. While Judah testified that she did not have all of the discovery and was not well-informed of the evidence by her attorney at the time, she also testified that she entered into the settlement agreement based upon her knowledge at the time of the Conference and did so without coercion. She also stated that the intent of the representatives of the estate at the time of the settlement was that Justin Gordon would receive $2,000.00 of the total settlement and his adult sister would receive the remaining $2,000.00. Judah also testified that she executed a release of claims against Defendants on October 2, 2015. Judah stated that the proceeds would be placed in trust at BancFirst in Lawton, Oklahoma for the benefit of Justin Gordon.

Marian Wetzel ("Wetzel") also offered testimony at the hearing. She currently has full custody of Justin Gordon. Wetzel testified that she had agreed to have Judah handle the claims against Defendants and that she had never seen the evidence developed in the case. Despite this deference, she offered the opinion that she believed it was unfair to cut off Justin Gordon's right to recovery without any participation of the minor in the proceedings.

On the limited issue before this Court as to whether the distribution of the settlement proceeds was fair and in the best interest of the minor, this Court concludes that the distribution of one-half of the proceeds to Justin Gordon to be in his best interests.  This Court recommends the approval of the establishment of the trust account as outlined in the proposed Order Approving Settlement for Justin Gordon's benefit.  Okla. Stat. tit. 12 § 83(A).

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that the distribution of the proceeds as proposed be approved and that the Order Approving Settlement and the Order directing the execution of the receipt to the trust institution be signed by the presiding United States District Judge.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 5th day of April, 2016.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma